

Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Ricardo Freeman, Jr.     Docket No. 99-00031-001

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Ricardo Freeman, Jr., who was placed on supervision by the Honorable Gary L. Lancaster sitting in the Court at Pittsburgh, Pennsylvania, on the 15th day of January 2008, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall participate in a substance abuse treatment program, as directed by the Probation Office, and he shall remain in such program until he is released from it by the Probation Officer.
- The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

Original conditions of supervision imposed by Judge Lancaster on October 8, 1999, at sentencing:

- The defendant shall not possess a firearm or destructive device.
- The defendant shall refrain from any unlawful use of a controlled substance. Further, the defendant shall submit to urinalysis and, if necessary, shall participate in a substance and/or alcohol treatment program as directed by the probation office. The defendant shall remain in any such program until he is released from it by the probation office. It is also ordered that the defendant's initial drug test shall occur within 15 days of his release from imprisonment and he shall have at least two periodic tests thereafter. Furthermore, the defendant shall be required to contribute to the costs of services for any such treatment not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.
- The defendant shall pay a $200 special assessment, which is due immediately.

| Date | Event |
|---|---|
| 10-08-99: | Possession With Intent to Distribute in Excess of 50 Grams of Crack Cocaine, Carrying a Firearm During and In Relation to A Drug Trafficking Crime; Original Sentence, Judge Gary L. Lancaster, Pittsburgh, Pennsylvania 180 months' imprisonment consisting of 120 months at Count 1 and 60 months (consecutive) at Count 2, followed by 5 years' supervised release at Count 1 and 3 years at Count 2. |
| 05-04-01: | Sentencing Order amended to 60 months' imprisonment at Count 1 and 30 months' (consecutive) at Count 2, with remainder of original sentencing order remaining in full force and effect. |
| 07-07-06: | Released to supervision in the Western District of Pennsylvania. |
| 01-15-08: | Revocation hearing, Judge Lancaster; Supervised release revoked and sentenced to 8 months' imprisonment at both Counts 1 and 2, to run concurrently and 3 years' supervised release to follow. |
| 09-03-08: | Released to supervision; Currently supervised by U.S. Probation Officer Alexis L. Zellefrow |
| 03-26-09: | Order modifying conditions of supervised release to allow defendant to serve up to 180 days in Renewal, Incorporated, with the first 28 days to be spent at their in-patient drug treatment center. |

U.S.A. vs. Ricardo Freeman, Jr.
Docket No. 99-00031-001
Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner alleges that the defendant has violated the following conditions of supervision:

**The defendant shall participate in a substance abuse treatment program, as directed by the Probation Office, and he shall remain in such program until he is released from it by the Probation Officer.**

The defendant was referred to outpatient treatment on September 15, 2008, due to a positive drug test. The defendant has failed to attend treatment on October 10, 2008; January 7, 2009; both group and individual sessions on February 25, 2009; March 11, 2009; and March 13, 2009.

The defendant successfully completed the 28-day in-patient treatment at Renewal, Incorporated, on April 22, 2009. He was then referred to outpatient treatment at Addiction Recovery Services. The defendant failed to attend the group session on May 20, 2009.

**The defendant shall report to the probation officer and shall submit a truthful and complete written monthly report within the first five days of each month.**

The defendant was directed to report to probation weekly, in December 2008, due to continued drug use. The defendant failed to report from December 22, 2008 until January 14, 2009. The defendant has not reported since that date. A scheduled home visit was conducted on March 4, 2009; however, the defendant was not there.

The defendant has not completed written monthly reports for November 2008, December 2008, January 2009, and February 2009.

**The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

The results of urine specimens collected on September 15, 2008; October 30, 2008; November 13, 2008; November 17, 2008; December 5, 2008; December 10, 2008; December 12, 2008; and December 15, 2008, were returned positive for cocaine. The urine specimen collected on December 17, 2008, was returned positive for marijuana. The urine specimen collected on February 18, 2009, returned positive for cocaine, methamphetamine, and amphetamine.

The result of the urine specimen collected on May 14, 2009, by Renewal, Incorporated, was returned positive for cocaine.

The defendant reported to the probation office on May 28, 2009, and admitted to cocaine use on May 26, 2009. We are awaiting urine test confirmation.

**The defendant shall serve up to 180 days at the Renewal Incorporated with the first 28 days to be spent at their in-patient drug treatment center.**

The defendant absconded from Renewal, Incorporated, on May 20, 2009, by not returning from work.

U.S.A. vs. Ricardo Freeman, Jr.
Docket No. 99-00031-001
Page 3

PRAYING THAT THE COURT WILL ORDER that a bench warrant be issued for the supervised releasee's arrest and that bond be set in the amount of $ 25,000.00            .

|  |  |
|---|---|
| ORDER OF COURT<br>Considered and ordered this __16th__ day of __June__, 20 __09__ and ordered filed and made a part of the records in the above case.<br><br>_____<br>U.S. District Judge | I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on        June 8, 2009<br><br>_____<br>Alexis L. Zellefrow<br>U.S. Probation Officer<br><br>_____<br>Roselyn Gerson<br>Supervising U.S. Probation Officer<br><br>Place:    Pittsburgh, Pennsylvania |